## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

KYLE RAY DECOTEAU,
# 09983-059,

Petitioner,

v.                                          No. 14-cv-459-DRH

S. J. WALTON,

Respondent.

### MEMORANDUM AND ORDER

HERNDON, Chief Judge:

Petitioner, an inmate who is currently incarcerated in the United States Penitentiary located in Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his conviction, based on the allegedly ineffective assistance of his counsel. The instant petition was filed on April 22, 2014 (Doc. 1). This matter is now before the Court for preliminary review of the petition.

## I.  Background

Petitioner was indicted in 2008 on two counts of aggravated sexual abuse of a child, in violation of 18 U.S.C. §§ 2241(c) and 1153, and two counts of abusive sexual contact, in violation of 18 U.S.C. §§ 2244(a)(5) and 1153. *United States v. DeCoteau*, Case No. 08-cr-00037 (D.N.D. June 3, 2008, Doc. 2) ("criminal case"). Following a three-day jury trial that concluded on January 21, 2010, petitioner was convicted on all counts (Doc. 79 in criminal case). He filed a Rule 29 motion for judgment of acquittal as to the two counts of aggravated sexual

abuse of a child on January 27, 2010 (Doc. 81 in criminal case).  The Court granted the motion as to one of those counts on March 2, 2010 (Doc. 93 in criminal case).  On May 10, 2010, the United States District Court for North Dakota - Northwestern Division sentenced petitioner to the mandatory 360-month minimum sentence for his aggravated sexual abuse conviction, to run concurrently with the two 51-month sentences for each of his abusive sexual contact convictions (Doc. 99 in criminal case).

Petitioner filed an appeal with the United States Court of Appeals for the Eighth Circuit on May 17, 2010.  *United States v. DeCoteau*, Case No. 10-2122 (8th Cir. 2010).  On appeal, he argued that the district court erred in finding him competent to stand trial, in finding that there was insufficient evidence to support his conviction for aggravated sexual abuse, and in finding that it lacked authority to sentence petitioner below the statutory mandatory minimum.  *United States v. DeCoteau*, 630 F.3d 1091, 1095 (8th Cir. 2011).  The Eighth Circuit affirmed petitioner's conviction and sentence on January 12, 2011.  *Id.*

On January 10, 2012, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  *See DeCoteau v. United States*, Case No. 12-cv-00002 (D.N.D. January 10, 2012); *see also United States v. DeCoteau*, Case No. 08-cr-00037 (Doc. 126 in criminal case).  In the motion, petitioner raised five arguments, all arising from the alleged ineffective assistance of his counsel, as follows: (1) trial counsel failed to object to the district court's prejudicial commentary before the jury; (2) trial counsel failed to challenge the

competency of the complaining witnesses; (3) trial counsel failed to effectively remedy the multiple instances of prosecutorial misconduct caused by the repeated leading of witnesses; (4) appellate counsel failed to raise the *Miranda* issue on direct appeal; and (5) trial counsel failed to object to the government expert's qualifications during the competency hearing (Doc. 127 in criminal case). On July 30, 2012, after reviewing petitioner's motion, the record, and the Government's response, the district court denied the § 2255 motion with prejudice for lack of merit (Doc. 135 in criminal case).  The district court declined to issue a certificate of appealability, instead certifying that an appeal would be frivolous.  *Id.*

Petitioner nevertheless filed an application for a certificate of appealability with the Eighth Circuit.  *United States v. DeCoteau*, Case No. 10-2122 (8th Cir. 2010).  The Eighth Circuit denied the application on November 20, 2012.  *Id*.

## II.   **The Petition**

This § 2241 petition followed (Doc. 1).   In it, petitioner challenges his conviction and sentence based on the ineffective assistance of his trial and appellate counsel.   Specifically, petitioner claims that the indictment failed to enumerate the elements necessary to establish his and both victims' "Indian Blood and Federal Recognition" under the Major Crimes Act, 18 U.S.C. § 1153 (Doc. 1, p. 8).   Without this determination, the district court allegedly lacked subject matter jurisdiction over this matter (Doc. 1, pp. 9, 11).   The prosecution did not meet its burden of proof on this issue (Doc. 1, p. 12).   The jury instructions

instead shifted the burden of proof to petitioner (Doc. 1, p. 13).  Defense counsel allegedly abandoned petitioner by failing to bring this challenge at "critical stages of the proceedings," such as the selection process of the grand jury or the petite jury (Doc. 1, pp. 10, 14).  Petitioner argues that counsel also failed to properly investigate and present the defense (Doc. 1, p. 3).  He now seeks dismissal of his indictment and a new trial.

### III.   Discussion

Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.  After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief.

Ordinarily, a person may challenge his federal conviction only by means of a § 2255 motion brought before the sentencing court, and this remedy typically supersedes the writ of habeas corpus.  A petition filed under 28 U.S.C. § 2241 by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991).  Federal prisoners may utilize § 2241, however, to challenge the legality of a conviction or sentence in cases

pursuant to the "savings clause" of § 2255(e).  28 U.S.C. § 2255(e).  The savings clause allows a petitioner to bring a claim under § 2241, where he can show that a remedy under § 2255 is inadequate or ineffective to test the legality of his detention.  *Id.*; *see United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002).  The fact that petitioner may be barred from bringing a second § 2255 petition is not, in itself, sufficient to render it an inadequate remedy.  *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion).  Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction.

The Seventh Circuit recently reiterated the rule that a § 2241 petition can only be used to attack a conviction or sentence when the § 2255 remedy "is inadequate or ineffective to test the legality of [the prisoner's] detention."  *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (internal citations omitted).  "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 established the petitioner's actual innocence.'"  *Id*. (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport*, 147 F.3d at 608).  Actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)."  *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Petitioner does not challenge the circumstances of his confinement.  Rather,

he challenges the validity of his conviction, based on the ineffective assistance of his counsel. Although petitioner casts his pleading as a § 2241 claim, the petition clearly involves a collateral attack on his federal conviction based on statutory arguments that were not previously raised in petitioner's appeal or in his § 2255 motion. Petitioner does not argue that the charged conduct is no longer a crime. He instead claims that he should not have been convicted based on the errors of his counsel. However, the errors he identifies all involve his status as an "Indian," which could have been raised in the original § 2255 proceeding and on appeal. A § 2255 proceeding will be considered inadequate only if prior binding precedent foreclosed petitioner from bringing his arguments in a § 2255 motion. *Hill*, 695 F.3d at 648-49 (citing *Morales v. Bezy*, 499 F.3d 668 (7th Cir. 2007). Petitioner does not point to any precedent that precluded him from raising these arguments when he filed his original § 2255 motion, and the Court is not aware of any. In fact, all of the cases cited in his supporting memorandum of law pre-date petitioner's appeal and his § 2255 motion. Under the circumstances, § 2255 does not prove to be inadequate or ineffective for petitioner's present claims. Accordingly, the petition is subject to dismissal.

## IV.   Disposition

**IT IS HEREBY ORDERED** that the petition is summarily **DISMISSED** with prejudice, based on petitioner's failure to demonstrate that § 2255 is an inadequate remedy for his current claims. Consistent with *In re Davenport*, petitioner cannot raise his claims through a § 2241 petition. *Davenport*, 147

F.3d 605 (7th Cir. 1998).

Petitioner is **ADVISED** that this dismissal does not relieve him of his obligation to pay the full filing fee for this action.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal.   *See* FED. R. APP. P. 24(a)(1)(C).   If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**
Signed this 19th day of May, 2014.

Digitally signed by
David R. Herndon
Date: 2014.05.19
14:06:54 -05'00'

**Chief Judge**
**United States District Court**